996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry VOGEL and David Vogel, by their parents and next
friends, Appellants,
Robert Vogel, Plaintiff,
v.
MISSOURI STATE BOARD OF EDUCATION; Clinton Area Vocational
School; Missouri Department of Elementary and
Secondary Education; Montrose R-14
School District; Clinton
School District, Appellees.
 No. 93-1004.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 25, 1993.
Filed: July 2, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David and Jerry Vogel, through their parents and next friends Robert and Charlotte Vogel (the Vogels), appeal from the district court's[1] dismissal of their action brought in 1989 pursuant to the Individuals with Disabilities Education Act (formerly the Education of the Handicapped Act), 20 U.S.C. § 1415(e).
 
 
 2
 In late 1990, the Vogels and defendants entered into a settlement agreement which provided for a vocational program for David and Jerry until May 30, 1992. The district court retained jurisdiction during the length of the program and appointed a special master to arbitrate all issues and disputes. Following a hearing on July 15, 1992, the court found that defendants had complied with the terms of the settlement agreement and granted their motion to dismiss.
 
 
 3
 On appeal, the Vogels argue that they did not consent to the settlement agreement and that the court's 1991 order effectuating settlement was not identical to the settlement agreement. The Vogels also argue that the court erred in finding that defendants had fulfilled their obligations under the settlement agreement because their sons were educated in isolation rather than "mainstreamed"; they were not allowed to participate in the "graduation activities" of the senior class trip and senior prom; they were denied speech therapy by a professional therapist; and they did not complete the last phase of their individualized education programs (IEPs) in which they were to have lived semi-independently in the community in which they held jobs. The Vogels further argue that Judge Bartlett should have recused himself.
 
 
 4
 We conclude that the Vogels knowingly and voluntarily entered into a settlement agreement with defendants. At the time of the agreement, the Vogels were represented by an attorney. See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962) (client bound by acts of attorney). The attorney negotiated with defendants, read the settlement agreement into the record in open court in the Vogels' presence, and drafted the order effectuating settlement. Although Charlotte Vogel's letter to the court dated December 19, 1990, requested clarification of some issues, she specifically stated that she was not challenging the court's order, the agreement, or her attorney. Further, the order effectuating settlement did not substantively alter the settlement agreement, but merely clarified the special master's duties and the procedure for appealing his decisions to the district court.
 
 
 5
 We conclude the district court did not err in terminating its jurisdiction and dismissing the case. Although the Vogels may have discussed certain issues with the program supervisor, the settlement agreement and the IEPs did not require classroom "mainstreaming," participation in the senior class trip or senior prom, speech therapy by a professional therapist, or semi-independent living in the community for David and Jerry. We note that, despite a procedure for appealing disputed issues to the district court, the Vogels raised none of these issues until the final month of the program.
 
 
 6
 Finally, we conclude that Judge Bartlett did not abuse his discretion in refusing to recuse himself. The Vogels' allegations of bias do not "give a reasonable person factual grounds upon which to doubt [the judge's] impartiality." Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri